**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**MARTHA K. ELLIOTT,**

      Plaintiff,

v.                                                                                   **Civil Action No. 2:07cv124**

**SEARS, ROEBUCK AND CO.,**

**COLE VISION CORPORATION,**

**COLE VISION SERVICES, INC.,**

**LENSCRAFTERS, INC.,**

**COLE VISION CORPORATION OF DELAWARE,**

**FOREST L. HADDOCK, O.D.,**

and

**VISION CHECK, LTD.,**

      Defendants.

---

**COLE VISION CORPORATION,**

**COLE VISION SERVICES, INC.,**

and

**LENSCRAFTERS, INC.,**

      Third-Party Plaintiffs,

v.

**FORREST L. HADDOCK, O.D.,**

      Third-Party Defendant.

**ORDER AND OPINION**

Currently before the court are the plaintiff's motion for leave to amend her complaint and motion to remand.  After examination of the briefs and record, this court determines that oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument.  The court, for the reasons stated fully herein, **GRANTS** the plaintiff's motion for leave to amend her complaint and **GRANTS** her motion to remand.

I. Factual Background

The plaintiff, Martha K. Elliott, was employed as a receptionist in the office of third-party defendant Dr. Forrest Haddock, which was located within the Lenscrafters store at the Greenbrier Mall in Chesapeake, Virginia.  According to the complaint, her work area was overcrowded with office furniture and was left in a condition that created an unreasonable risk of harm to her.  On April 9, 2005, the plaintiff did in fact trip and fall, resulting in certain injuries.  The premises on which the plaintiff sustained the injury is owned by defendant Sears, Roebuck & Company ("Sears") and leased to DS Management Corporation, which in turn subleased a portion of the premises to Dr. Haddock, for use as an optometrist's office and waiting room.  Defendant Cole Vision Corporation was the parent corporation of DS Management Corporation, and defendants Cole Vision Services, Inc. and Lenscrafters, Inc. were affiliated entities of DS Management.[1]

II. Procedural History

The plaintiff filed a claim with the Virginia Workers' Compensation Commission on

---

[1] Defendant Cole Vision Corporation of Delaware has thus far failed to make an appearance in this action.

September 14, 2007. However, the plaintiff withdrew that claim on January 16, 2007, and the Commission dismissed the claim for benefits without prejudice on January 24. Thereafter, on or about February 22, 2007, the plaintiff filed a complaint in the Circuit Court for the City of Chesapeake, Virginia, alleging that the defendants had negligently permitted her work area to become cluttered and had negligently failed to warn her about this unsafe condition. The plaintiff sought $100,000 in damages from the defendants, to compensate her for "serious and permanent injuries" as well as medical expenses and lost wages.

On March 16, 2007, with the apparent approval of the other co-defendants, Sears removed the case to this court on the basis of diversity jurisdiction. Cole Vision Corporation, Cole Vision Services, and Lenscrafters filed both an answer and a motion to dismiss on March 26, 2007. They also filed the third-party complaint against Dr. Haddock on that same day, alleging that his lease with DS Management requires him to indemnify them for the plaintiff's alleged injuries. On March 28, 2007, the plaintiff filed a motion for leave to file an amended complaint, seeking to add Dr. Haddock and Vision Check, Ltd., a corporation owned by Dr. Haddock, as parties to her action.[2] The plaintiff did not, however, submit a copy of the proposed amended complaint along with her motion for leave to amend. On the same day, the plaintiff filed a motion to remand, arguing that, should the court permit the joinder of Dr. Haddock and Vision Check, their presence would destroy diversity.[3]

On March 30, 2007, Sears filed a motion to dismiss, alleging that the complaint failed to

---

[2]Because responsive pleadings have been filed in the case, leave of court is necessary in order for the plaintiff to amend her complaint. See Federal Rule of Civil Procedure 15(a).

[3]Dr. Haddock is a resident of Virginia, and Vision Check is a Virginia corporation, and therefore considered a citizen of Virginia for purposes of determining federal jurisdiction.

3

claim that it owed any duty to the plaintiff. On April 9, Sears filed responses to the plaintiff's motions for leave to file an amended complaint and to remand. Cole Vision Corporation, Cole Vision Services, and Lenscrafters filed similar responses on April 9. The plaintiff filed a rebuttal brief in support of her motion to remand on April 12, and on April 13 she filed a response to Sears's motion to dismiss. She has not filed a response to the motion to dismiss filed by Cole Vision Corporation, Cole Vision Services, and Lenscrafters, and the time in which to so file has expired. Before the court can consider the motions to dismiss, it must determine whether it retains subject matter jurisdiction over this matter. Therefore, the court will address the plaintiff's motion for leave to amend her complaint and motion to remand.

III. Standard of Review

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. It permits a party to amend that party's pleading once as a matter of course any time prior to being served with a responsive pleading. "Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The Supreme Court has declared that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). The law is well settled "that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986). Delay alone is an insufficient reason to deny leave to amend. See id. Rather, the delay must be accompanied by prejudice, bad faith, or futility. See id.

The rules governing removal to federal court based on diversity jurisdiction are more

narrow than those governing cases originally brought in federal court. Federal law forms the basis for diversity jurisdiction in federal courts. See 28 U.S.C. § 1332. If jurisdiction is predicated on diversity and not on a federal question, a state court "action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). If a federal court determines that it lacks subject matter jurisdiction over a case that has been removed from state court, it must remand that case back to state court. See 28 U.S.C. § 1447(c). Ordinarily, if a case is remanded back to state court the defendant forever loses his right to a federal forum as well as any possibility of a review of the court's decision to remand. See 28 U.S.C. § 1447(d). "[T]he Federal courts may and should take such action as will defeat attempts to wrongfully deprive parties entitled to sue in the Federal courts of the protection of their rights in those tribunals." Alabama Great S. Ry. Co. v. Thompson, 200 U.S. 206, 218 (1906). This court therefore will scrutinize every attempt to deprive a defendant of his right to a federal forum, and will only remand if it is clear that jurisdiction is improper at the federal level.

      The doctrine of fraudulent joinder permits a federal judge to disregard non-diverse parties to the claim, thereby creating subject matter jurisdiction for the federal court even in the absence of complete diversity. Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999). "In order to establish that a non-diverse defendant has been fraudulently joined, the removing party must establish either: 'That there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts.'" Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993) (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). "The

burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Id. (citing Poulos v. Naas Foods, Inc., 959 F.2d 69, 73 (7th Cir. 1992)). Furthermore, the Fourth Circuit explains that "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Id. (citations omitted).

In Linnin v. Michielsens, 372 F. Supp. 2d 811, 818 (E.D. Va. 2005), this court previously held that the "no possibility" standard cannot be mechanically applied given the Fourth Circuit's contradicting description of the fraudulent joinder doctrine in AIDS Counseling & Testing Centers v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990), which states:

> "Fraudulent joinder" is a term of art, it does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or in fact no cause of action exists. In other words, a joinder is fraudulent if "there [is] no real intention to get a joint judgment, and . . . there [is] no colorable ground for so claiming.

AIDS Counseling & Testing Centers v. Group W Television, Inc., 903 F.2d 1000, 1003 (4th Cir. 1990) (citing Lewis v. Time Inc., 83 F.R.D. 455, 460 (E.D. Cal. 1979)) (citations omitted). In Linnin, this court explained that the "'real intention' formulation . . . is significantly at odds with the less subjective 'no cause of action' language . . . ." Linnin, 372 F. Supp. 2d at 818 (citing Riverdale Baptist Church v. Certainteed Corp., 349 F. Supp. 2d 943, 947 (D. Md. 2004)). The court observed that the Fourth Circuit's "focus shifts between the plaintiff's ability to sue and the plaintiff's intention of getting a joint judgment -- two very different questions." Id.

Furthermore, this court observed that, on a motion to remand, a court has the "authority to look beyond the pleadings and consider summary-judgment-type evidence, such as the

6

affidavits and the depositions accompanying either a notice of removal or a motion to remand." Id. at 819. In Linnin, this court distinguished the standard of review to be applied from the scope of the review. Id. at 818. Although a court may consider evidence of the type ordinarily considered in evaluating motions for summary judgment, the standard of review remains akin to that of a motion to dismiss. Id. at 819. See also Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (noting that the "standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under FED. R. CIV. P. 12(b)(6)"). Based on the confusion surrounding the applicable standard, the court held that the "no possibility" test should be applied "not rigidly[] but reasonably." Linnin, 372 F. Supp. 2d at 818. Thus, the court held that the proper test for fraudulent joinder is "whether the defendant has demonstrated there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." Id. at 819 (citing Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004))(emphasis added).

IV. Analysis

A. Motion for Leave to Amend Complaint

Sears, Cole Vision Corporation, Cole Vision Services, and Lenscrafters (collectively, "the defendants") argue that granting the plaintiff's motion for leave to amend would be futile, because she is barred by the applicable statute of limitations from bringing suit against Dr. Haddock and Vision Check. Neither party disputes that the period of limitations for an action for personal injury in Virginia is two years. See VA. CODE ANN. § 8.01-243(A). In this case, the limitations period expired on April 9, 2007. Although the plaintiff filed her motion for leave to

amend on March 28, 2007, had the court ruled on the motion prior to April 9, it would have done so before the defendants' responses were filed, and therefore before the motion was ripe for consideration.

The question facing the court, then, is whether a party who files a motion for leave to amend a complaint prior to the expiration of the relevant limitations period is entitled to have the motion granted as if the amended complaint itself were filed in a timely fashion. It is well-settled that the filing of a complaint in federal court does not toll the applicable statute of limitations. See Walker v. Armco Steel Corp., 446 U.S. 740, 750-51 (1980) (noting that Rule 3 of the Federal Rules of Civil Procedure was not intended to toll state statutes of limitations or displace state tolling rules). However, several federal courts have ruled that an amended complaint naming additional parties is timely filed when a motion for leave to amend was filed prior to the expiration of the statute of limitations. See, e.g., Moore v. Indiana, 999 F.2d 1125, 1131 (7th Cir. 1993); Mayes v. AT&T Info. Sys., Inc., 867 F.2d 1172 (8th Cir. 1989); Rademaker v. E.D. Flynn Export Co., 17 F.2d 15, 17 (5th Cir. 1927).

As the defendants have noted, in at least one of these cases, the proposed amended pleading was filed along with the amended complaint. See Mayes, 867 F.2d at 1173. Further, it is also noted that the Supreme Court appears to have foreclosed this type of action where, as here, the federal court's jurisdiction is grounded in diversity. See Walker, 446 U.S. at 750-51. In Walker, the Court addressed whether Federal Rule of Civil Procedure 3–the rule governing the filing of complaints–could be construed as containing a provision for equitable tolling. The Court squarely held that "[t]here is no indication that the Rule was intended to toll a state statute of limitations, much less that it purported to displace state tolling rules for state statutes of

limitations." Id. In summing up its holding, the Court pronounced:

> There is simply no reason why, in the absence of a controlling federal rule, an action based on state law which concededly would be barred in the state courts by the state statute of limitations should proceed through litigation to judgment in federal court solely because of the fortuity that there is diversity of citizenship between the litigants. The policies underlying diversity jurisdiction do not support such a distinction between state and federal plaintiffs, and Erie and its progeny do not permit it.

Id. at 753.

Thus, claim the defendants, the plaintiff should not be permitted to extend the state statute of limitations simply because she had the fortuity of having the case removed to federal court. However, whether the plaintiff is entitled to permission to amend her complaint by virtue of requesting leave to amend before the limitations period expired is, ultimately irrelevant to the matter at hand, for the simple fact that the plaintiff did file suit against Dr. Haddock and Vision Check prior to the running of the statute of limitations. See Exhibit A to Reply Brief in Support of Motion for Leave to Amend. This suit was filed on April 7, 2007, in the Circuit Court for the City of Chesapeake.[4] Thus, the court, in granting the plaintiff leave to amend her complaint, is not acting in a manner that distinguishes between state and federal litigants. Had the defendants not removed the case until after the plaintiff had filed suit against Dr. Haddock and Vision Check, there would be no doubt as to the propriety of their joinder in the original action. Rather than benefitting the plaintiff simply by virtue of the case being in federal court, the grant of leave to amend her complaint merely affords to her the same rights she would have received had the case not been remanded. Therefore, the court finds it proper to permit the plaintiff leave to

---

[4]The lawsuit, of course, was not filed in this court because there was not diversity jurisdiction. This is the subject of the plaintiff's motion to remand. It should be noted that Virginia law permits the tolling of the relevant statute of limitations upon the filing of a complaint, for purposes of a voluntary nonsuit or abatement. See VA. CODE ANN. § 8.01-229(E).

amend her complaint and add as defendants Dr. Haddock and Vision Check.

B. Motion to Remand

Having permitted the plaintiff to join the non-diverse defendants Dr. Haddock and Vision Check, the court must address whether remand is appropriate. The defendants urge that this is a case of fraudulent joinder, in that the plaintiff has committed outright fraud in the pleading of jurisdictional facts. Accordingly, the defendants seek the dismissal of Dr. Haddock and Vision Check as defendants, and thus, to have the court retain jurisdiction over this case. It is clear, however, that the allegations of fraudulent joinder are unfounded, and therefore that the proper course of action is to remand this case to the state court.

The defendants, in responding to the plaintiff's motion to remand, claim that the plaintiff has pleaded fraudulent facts. However, the allegation does not relate to the pleading of jurisdiction; rather, the defendants allege that the plaintiff lied when she claimed that one reason for her delay in joining Dr. Haddock and Vision Check as defendants is that she had only recently retained counsel. The plaintiff has responded by explaining that, although she was represented by an attorney with regard to her worker's compensation claim, she signed a separate contract with regard to her claim for personal injury on February 5, 2007. Plaintiff's counsel acknowledges that she did not file suit against Dr. Haddock and Vision Check from the outset because she believed that such action would be barred by the Virginia Worker's Compensation Act, VA. CODE ANN. § 65.2-100 et seq.. However, upon discovering that the plaintiff had dismissed her workers' compensation claim because the Act did not apply to her,

10

plaintiff's counsel filed the instant motions.[5]

While it may be true that plaintiff's counsel should have done a more thorough investigation, the defendants' allegations fail to rise to the level of "outright fraud in the . . . pleading of jurisdictional facts." Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993). Therefore, this cannot serve as the basis of a finding of fraudulent joinder. Although the defendants argue that the other prong of the fraudulent joinder test is met, this argument centers on the timeliness of the plaintiff's filings, an issue rejected by the court in Part IV.A, supra. That Dr. Haddock and Vision Check are proper parties against whom the plaintiff has a reasonable opportunity of recovery is further demonstrated by the fact that defendants Cole Vision Corporation, Cole Vision Services, and Lenscrafters have already brought Dr. Haddock into this action as a third-party defendant, claiming that he is the party who would ultimately be liable if the plaintiff succeeds with her claims against them.

Because the plaintiff is entitled to join additional parties whose presence will defeat this court's subject matter jurisdiction, and because the fraudulent joinder doctrine is not applicable to this case, the court is left with the sole option of remanding this case back to state court.

## V. Conclusion

Although this case involves a somewhat complex series of filings, it is clear that the plaintiff preserved her claims against Dr. Haddock and Vision Check by filing in state court within the statute of limitations. Therefore, her motion for leave to amend her complaint is

---

[5]The Virginia Workers' Compensation Act does not apply to the plaintiff because she is specifically excluded from the definition of "employee" under the Act. VA. CODE ANN. § 65.2-101 (noting that employees of any firm that has fewer than three employers regularly in service in the same business within Virginia do not meet the definition of "employee").

**GRANTED**, and Forrest L. Haddock, O.D., and Vision Check, Ltd. are joined as defendants. The presence of Dr. Haddock and Vision Check, however, contravenes the requirement of complete diversity, and therefore divests this court of subject matter jurisdiction over this case. Therefore, the plaintiff's motion to remand is **GRANTED** and the case is **REMANDED** to the Circuit Court for the City of Chesapeake, Virginia. As a result, the motions to dismiss filed by Sears and by Cole Vision Corporation, Cole Vision Services, and Lenscrafters are **MOOT.**

The Clerk is **REQUESTED** to send copies of this Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
May 11, 2007